U.S. COURT OF APPEALS
RECEIVED

OCT 09 2013

ATLANTA, GA

No. 13-13698 – *CC*

In the United States Court of Appeals for the Eleventh Circuit

RANDY A SCOTT,

*Plaintiffs-Appellants*,

v.

LAWRENCE YELLON, ET AL.,

*Defendants-Appellees.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

THE HONORABLE SHERI POLSTER CHAPPELL

## MOTION for REHEARING on DISMISSAL of case ENTERED on September 25, 2013

This filing contains 7 pages for this motion and 26 pages for the draft brief

RANDY SCOTT
343 LEHIGH ACRES, Florida 33936
(239) 300-7007 fax (815) 327-3209
RANDY@RANDYSCOTT.US

This case presents important constitutional issues relating to Pro Se litigants equal access to the courts, electronic access to filing, and due process in the liberal reading of pleadings. In addition, if the case is invited to the merits, you will find it is a case of first impression involving the application of Sarbanes Oxley as a RICO predicate act of retaliation. Retaliation not against an employee but against an individual's livelihood.   In *DeGuelle v. Camilli*, No. 10-2172 (7th Cir. Dec. 15, 2011). 7th circuit decided in the affirmative. That retaliation for contacting law enforcement is a predicate RICO act regarding employment. BUT livelihood in that same act has been before no court. Degulle subsequently was defeated due to Res Judicata relating to state action taken against him. These issues are ripe for judicial review and as a case of first impression the merits should be considered. If it is dismissed at this stage it will be an inefficient use of the court resources and very important case law that could direct every circuit in the nation.

Plaintiff relied on the liberal reading of the ProSe booklet prepared by this courts administration and on page 2 final paragraph in the courts apparent desire to assist Pro Se filers it states:

> **"Opening brief. You must file your opening brief by the date stated on the notice from the Clerk. You can place the brief in the U. S. mail on the due date and it will still be considered timely filed."**

Plaintiff relied on that statement and diligently searched the remainder of the courts rules that pro se booklet contained and found it sufficiently clear that the date of mailing is the date of filing. Plaintiff motion was timely.

Plaintiff does not have equal access to the court as the opposing counsel has where they may strike a computer key and electronically send immediately and have it reflecting the accurate date of September 23, 2013 as filing. If this EQUAL access were a right to all parties, the clerk would have no authority to dismiss. Yet in this instant case the clerk was aware of the motion to extend PRIOR to the dismissal and should have NOT dismissed the action on September 25, 2013.

In addition, this whole appeal is based in part on these same timing issues that greatly weigh in the favor of the defendants. Notices not received timely for plaintiff to respond. Timely filings not received and technical dismissals occur. Electronic access to one party and not the other is the culprit.   Plaintiff could overcome the deficiency but in doing so would lose days to plan prepare and prosecute his case. The parties without electronic access are prejudiced and are not the master of their own case. When you couple that with Prose parties involvement it is destined to leverage the caseload against the ProSe party and make caseload a part of the courts decision-making process. Case dismissed maybe an easy solution but it is so far removed from the merits. It attacks the very purposes of the courts.

The lack of equal electronic access makes defendants and the courts the masters of plaintiff's case.

Plaintiff is identified and marked as prose and is held to HIGHER standards then opposing counsel. I.E., recitals of law as a basis for dismissals vs. recitals of law in plaintiff support being declared shotgun or other standard defense recitals.

Plaintiff mailed the motion to extend on September 23, 2013.

On September 25th, 2013 at 2:20 pm I called and spoke to the case manager Joseph Caruso. I told him I sent the motion to extend with a carrier stamp date of 9/23/2013 according to the prose directions that date of mailing is date of filing. I told him it is in the mailroom. He then told me that he is dismissing the case because the brief was not in on September 24, 2013. I asked him to make a copy of the mailing of the USPS container that would clearly show filing of September 23, 2013 he stated he would not.

Mr Caruso was aware a motion to extend was in the courts possession and then decided to dismiss the case without regard to the timely pending motion to extend

The motion to extend was timely and according to Pro Se booklet page 2 final paragraph that the date of mailing is the date of filing.

In the liberal understanding of Mr Caruso dismissal on September 25, 2013 it must be concluded plaintiff was prejudiced by not having access to the electronic system.

4

If plaintiff could have sent electronically, the timing of Mr Caruso dismissal would have been a non starter. Mr Caruso dismissing the case one business day after the due date is inconsistent with the directive to plaintiff through 11th circuit prose publications that filing date is the date of mailing. How could any case be dismissed one day after the business day if the court is aware of its own instructions that filing date is the date of mailing and not the date of receipt? The item could still arrive! It is inconsistent unfair and not equal protection under the law.

Again as in this request for the rehearing the defendants will be at another advantage over the plaintiff. They will have the privilege of seeing the draft of appellant brief and can begin their work without regard to time frames should the court grant the motion to extend. It is unfair and unjust and unequal protection under the law. I have attached the draft brief to this motion for rehearing. (exhibt A)

Plaintiff requests the full extension as requested in the motion to extend, filed September 23, 2013. These additional events take away from a Pro Se focus on the merits, to the appeal and matter before the court and the extension of time until at least November 6, 2013, plus additional days added relating to the extraneous activities the court would deem appropriate.

The court should also consider the burden on it from pro se filings. People are coming before you with meritorious claims you never get to the merits on. Many believe in the simplicity of justice in part because of some foundational beliefs that

5

judges are experts in law and should have and do have the power to use their knowledge and experience to decipher pleadings liberally as compared to their knowledge of law. When a prose pleader comes before the courts there is a standard behavioral trend to attack as rambling, incoherent , or technically ill prepared. Yet again what prose wants is not an appearance of justice but equal protection under the law. Instead what is being reported widely and far is it is just an appearance. As grand as the internet is it creates a record for all parties to sift through for the character of our system of justice. Standard recitals of law are being used across the board against all prose parties in successful motions to dismiss. It becomes a universally accepted game of skill to defeat prose burdens on the court . Represented parties know itchy ears to scratch in the desired colloquy to present to the overburdened court.   Ironically many of those standard recital that attack prose pleadings are standard recitals themselves. Yet they survive because they are from a party not prejudiced by title. Since our system of justice includes a foundation of Judeo Christian values many prose parties will come before you with the simple idea that you will decide a matter seasoned with wisdom and truth. Like the Biblical story of the two woman claiming the child. Quite simple non-technical and justice appears to be the result. Many prose leave this offered justice defeated with the knowledge it was not justice but instead the child was split in two.

I request in this hearing the clerks motion to dismiss is overturned Appellant Brief and Appendix to be filed by plaintiff to the 11th US Circuit Court of Appeals through

carrier filed by 11/06/2013 and any other order this courts deems appropriate from appointing an attorney to electronic access to file.

Dated October 7, 2013

RANDY SCOTT
343 LEHIGH ACRES, Florida 33936
(239) 300-7007 fax (815) 327-3209
RANDY@RANDYSCOTT.US

## CERTIFICATE OF SERVICE

This is to certify that upon entry into the electronic system by the clerk of court the following parties will received their copies under their arrangement with the courts:

Amanda Arnold Sansone
Carlton Fields, P.A.
4221 W Boy Scout Blvd Suite 1000
Tampa, Florida 33618

J. Matthew Belcastro
Henderson, Franklin, Starnes & Holt
Post Office Box 280
Fort Myers, Florida
33902-0280

Christopher A. Rycewicz
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

**No. 13-13698**

In the United States Court of Appeals for the Eleventh Circuit

RANDY A SCOTT,

*Plaintiffs-Appellants,*

v.

LAWRENCE YELLON, ET AL.,

*Defendants-Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

THE HONORABLE SHERI POLSTER CHAPPELL

**Appellant Brief**

RANDY SCOTT
343 LEHIGH ACRES, Florida 33936
(239) 300-7007 fax (815) 327-3209
RANDY@RANDYSCOTT.US

# CERTIFICATE OF INTERESTED PARTIES

*Randy Scott v. Larry Yellon etal*, Case No. **13-13698** Pursuant to 11th Circuit Rule

26.1-1, Appellant SCOTT furnish a complete list of the following:

(a) Randy A. Scott, Plaintiff

(b) Bob Musser, Defendant

(c) Lance Randall, Defendant

(d) Florida Association of Professional Process Servers, Inc., Defendant

(e) National Association of Professional Process Servers, Defendant

(f) H. Eric Vennes, Defendant

(g) Lawrence Norman Yellon, Defendant

(h) Ronald R. Ezell, Defendant

(i) Steven D. Glenn, Defendant

(j) Jillina A. Kwiatkowski, Defendant

(k) Ruth A. Reynolds, Defendant

(l) Gary Crowe, Defendant

(m) Paul Tamaroff, Defendant

(n) Christopher A. Rycewicz, Esq. (admitted Pro Hac Vice) Defendants' Attorneys
Miller Nash LLP 111 SW Fifth Avenue, Suite 3400 Portland, Oregon 97204 (503)
224-5858

(o) Thomas J. Roehn, Esq. Amanda Arnold Sansone, Esq. Defendants' Attorneys
CARLTON FIELDS, PA 4221 West Boy Scout Blvd., Suite 1000 Tampa, Florida
33607-5780 (813) 223-7000

# STATEMENT REGARDING ORAL ARGUMENT

This case presents important constitutional issues relating to ProSe equal access to the courts, electronic access to filing, and due process in the liberal reading of pleadings. In addition this is a case of first impression regarding the application of the 18 USC § 1513(e) Sarbanes Oxley Act as a predicate offense for 18 USC § 1961 civil racketeering involving the specific protected provision affecting livelihood NOT employee. The predicate offence of 18 USC § 1513(e) Sarbanes Oxley Act has been addressed once in Deguelle V Camille in the 7th Circuit. The livelihood provision of the act has been before no court. Absent the court assigning a pro-bono counsel appellant has no resources to provide for oral testimony that the appellant believes would benefit the court in this case of first impression.

DRAFT supplied to court regarding motion for rehearing

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES ........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iii

TABLE OF CONTENTS ........................................................................................ 1

TABLE OF CITATIONS ....................................................................................... 2

STATEMENT OF JURISDICTION ..................................................................... 5

STATEMENT OF THE ISSUES ........................................................................... 7

STATEMENT OF THE CASE ............................................................................... 9

SUMMARY OF ARGUMENT ............................................................................ 15

ARGUMENT/CITATION OF AUTHORITY ................................................... 17

CONCLUSION ..................................................................................................... 21

CERTIFICATE OF COMPLIANCE ................................................................. 22

CERTIFICATE OF SERVICE ........................................................................... 23

DRAFT supplied to court regarding motion for rehearing

# TABLE OF CITATIONS

## CASES

Conley v. Gibson - 355 U.S. 41 (1957)...........................................................19

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ..... 20

DeGuelle v. Camilli, 664 F. 3d 192 – 2011 ...................................................18

Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). ..............................18

Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004) ...........................................................................................20

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998)...................19

## USDC MIDDLE DISTRICT OF FLORIDA LOCAL RULES

LOCAL RULE 3.05 CASE MANAGEMENT (b)(2) Track Two cases shall include all cases not designated as Track One Cases, and not within the definition of Track Three Cases as hereafter stated. Track Two Cases will normally consist of non-complex actions (emphasis supplied)..............................................17

## UNITED STATES CODE

18 U.S.C. § 1961 et seq.,. ........................................................................ 5

18 US 1513(e) "Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both ...............................................................................................18

18 USC & 1513(e)................................................................................ 5, 9

18US1513(e).....................................................................................18

28 U.S.C. § 1292(a)(1) .......................................................................... 5

28 U.S.C. § 1391(b) and (c) .................................................................... 5

28 USC § 1331 ..................................................................................... 5

## FEDERAL RULES OF CIVIL PROCEDURE

FRCP 6(f) ............................................................................................ 7

FRCP Rule 8. General Rules of Pleading (e) Construing Pleadings. Pleadings must be construed so as to do justice. ......................................................19

# USDC MIDDLE DISTRICT OF FLORIDA DOCKET ENTRIES

# 101 ................................................................................................... 13
# 87 ..................................................................................................... 12
# 96 ..................................................................................................... 16
# 97 ..................................................................................................... 12
#102 .................................................................................................... 13
#106 .................................................................................................... 13
#11 ...................................................................................................... 10
#12 ...................................................................................................... 10
#14 ........................................................................................... 7, 10, 15
#4 ........................................................................................................ 10
#57 ............................................................................................... 10, 11
#59 ...................................................................................................... 10
#75 ...................................................................................................... 10
#77 ...................................................................................................... 11
#79 ........................................................................................... 7, 11, 16
#81 ...................................................................................................... 11
#82 ...................................................................................................... 11
#86 ............................................................................................... 12, 16
#88 ........................................................................................... 7, 12, 16
#89 ........................................................................................... 7, 12, 15
#93 ...................................................................................................... 16
#95 ................................................................................................. 7, 16
#96 ........................................................................................... 7, 12, 16
#97 ............................................................................................... 12, 13
#99 ...................................................................................................... 12
(Doc #4) ............................................................................................... 17
18 US 1913(e) ...................................................................................... 17
57 ........................................................................................................ 10

DRAFT supplied to court regarding motion for rehearing

DRAFT supplied to court regarding motion for rehearing

## STATEMENT OF JURISDICTION

Appellant initiated this action pursuant to 28 USC § 1331, alleging violations of

rights under Sarbanes-Oxley Act of 2002 ("SOX") 18 USC § 1513(e) - Retaliating

against a witness, victim, or an informant and as a qualifier of the predicate acts

under Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. §

1961 et seq.,.


The district court entered a several orders including the proposed order dismissing

plaintiffs' claim. On August 5, 2013 plaintiff filed as indicated in doc#99 "Notice of

Interlocutory Appeal".   Pursuant to 28 U.S.C. § 1292(a)(1), this Court has

jurisdiction to consider the interlocutory appeal of that preliminary dismissal order,

the appointment of counsel, denial of service of process costs, and the denial of

electronic filing. The district court entered its final decision of dismissal and closure

of the file on August 20, 2013 AFTER the interlocutory appeal was noticed and

filed. Appellants filed a timely notice of appeal.


Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because

Plaintiff resides here, and several defendant(s) known and unknown reside in this

district and all events giving rise to Plaintiff's claim occurred within this district.

DRAFT supplied to court regarding motion for rehearing

## STATEMENT OF THE ISSUES

This appeal presents these distinct issues of Constitutional law, FRCP, and US Code:

I.    Does the determination of premature complexity of a case that is foundational in a FUTURE decision to NOT appoint counsel hinder the development of efficiency in the courts, due process for the aggrieved party, and prevent or delay the deployment of case law that provides for fair and efficient courts system across the circuit and the country ?(docket entry #14,   #89)

II.   Does denying plaintiffs' access to CM/ECF system (docket entry #14) court take away from a party to be the master of their own case and the aggrieved party due process of law?

III.  Does denying plaintiffs' motion to assess service of process costs and the order striking plaintiff response and refusing to liberally construe plaintiff pleadings or rebuttal and substitute it with appropriate title of motion create fundamental error? (docket entry #95, #96),

IV.   Does granting defendants motion to dismiss on the 16th day of the motion to dismiss short of the required 17 days as required under FRCP 6(f) where 3 days is added due to lack of access to electronic filing create fundamental error? (docket entry #79,

V.    #88)

DRAFT supplied to court regarding motion for rehearing

## STATEMENT OF THE CASE

During its 2002 session, the United States Congress passed into law "Title XI—Corporate Fraud and Accountability". In this act it codified and caused 18USC1513 as a predicate act for racketeering charges. 18 US 1513 is titled "Retaliating against a witness, victim, or an informant" .

18 USC § 1513(e) states "Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, (emphasis supplied) for providing to a law enforcement officer any truthful information (emphasis supplied) relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

Appellant contacted the IRS and the USDOJ beginning March 2012 regarding crimes being committed by the leaders of the non-profit organization of process servers called NAPPS. Defendants indicated that if the appellant would not cease his activity of these complaints to law enforcement he faces expulsion from the organization.

On November 13-21, 2012 the defendants did conspire by traveling interstate from across the country to meet in the state of Louisiana at a board meeting to retaliate against appellant and expel him from the organization.

With the threat of expulsion and the expulsion from NAPPS appellant livelihood was charged. Appellant business was reliant fully on the non profit listing in NAPPS online directory.

On March 4, 2013 appellant filed a prose matter in the Middle District of Florida. On March 11, 2013 the USDC Middle District of Florida determined the case a non complex and assigned it a track two case management category. (Doc#4)

On March 19, 2013 appellant requested access to the electronic filing system (Doc#11)

On March 19, 2013 appellant requested the appointment of counsel (Doc#12)

On April 10. 2013 USDC denied access to electronic filing system and appointment of counsel. (Doc#14)

On June 21, 2013 (Doc#57) at 4:55 pm a counsel filed a motion to dismiss and emailed appellant a copy.

On June 24, 2013 (Doc#59) counsel filed a motion to dismiss and did not email appellant a copy.

On July 1, 2013 (Doc #75) I responded to Doc 57 motion to dismiss as that was the only notice I had of any motions to dismiss.

July 8, 2013 (Doc#77) the USDC liberally construed DOC#57 as a response to the motion to dismiss.

July 9, 2013 I returned home and found the flurry of activity of physical mailing of which I had no access because I am not approved to electronic access and especially the second motion to dismiss.

On July 9, 2013 I contacted the court explained to them I was out of town and though it was unfair the dual motions to dismiss one being sent email the other being sent regular mail. I explained I responded to the one I had and wanted to respond to the other I just received. The clerk said to submit what ever I needed to submit. I spent the next 36 hours preparing the response.

On July 12, 2013 I filed (Doc#82) a response to the second motion to dismiss. While filing at the court I find out that on July 10th (Doc #79) the day after I spoke to the clerk telling them of the problems of not having electronic access and the game playing by the defendants of separating by days the motions to dismiss, emailing me one an dnot the other, that the USDC granted the combined motions to dismiss.

On July 12, 2013 appellant again requested appointment of counsel as the case documents are showing complexity that was the basis for the original denial.(Doc#81)

On July 17, 2013 In light of the game of skill the defendants are deploying I filed a motion to assess service costs (Doc #86)

On July 17, 2013 I filed a reconsideration of the order to dismiss (Doc # 87)

On July 22, 2013 USDC denied the reconsideration of the order to dismiss.(Doc#88)

On July 22, 2013 the USDC again denied the appointment of counsel (Doc#89)

On August 1, 2013 USDC enter order denying assessment of service of process costs stating if the defendants prevail USDC may reconsider.(Doc#96)

On August 2, 2013 appellant filed a motion to extend time to file amended complaint. (Doc # 97)

On August 5, 2013 appellant filed a timely filed interlocutory appeal (Doc#99) regarding the issue listed in this appeal. The purpose and timing of the interlocutory appeal had a direct correlation to affect of the various timing issues created by appellees, and the appellants inability to be the master of his own case and have equal access to the court electronic filing.

On August 20, 2013 in the am I called the USDC clerks office and ask when the request for the extension of time to amend was to be responded to (Doc#97). I also asked if the defendants responded to the motion to extend. The clerk advised there is no defendants response nor an order as of that date and time.

On August 21, 2013 I filed a "Notice to take judicial notice" (Doc#102) designed to have the USDC respond to my request for extension of time (Doc#97) While physically present and after the filing I was informed the court filed an order AFTER my call the previous day.

The order to the motion of extension of time to amend that went without defendants response was denied on August 20, 2013 (Doc# 101)

On August 23, 2012 defendants responded to (Doc#102) with a motion to strike even though they entered no response to the underlining motion this filing addressed.

On August 27, 2012 defendants responded to (Doc#102) with a motion to strike even though they entered no response to the underlining motion this filing addressed.

On September 6, 2013 USDC ordered in Doc#106 case dismissed, motions to strike granted and motion to reconsider all issues by plaintiff/appellant moot due to the USDC dismissal.

DRAFT supplied to court regarding motion for rehearing

DRAFT supplied to court regarding motion for rehearing

# SUMMARY OF ARGUMENT

## APPOINTMENT OF COUNSEL:

In assigning the case to a track two status the USDC court had predetermined the case to be a non complex case. This set into motion a prejudged decision leading to denying plaintiffs' request to appoint counsel. (docket entry #14,   #89) The case is a case of first impression, it involves RICO which are universally recognized as complex. In addition three of the four appearing attorneys for the defense all publically advertise they specialize in "complex litigation".

## PRO SE ACCESS TO ELECTRONIC FILING

Attorney actions in cases often is timing. When to file to the best advantage of their case is a consideration made. Whether their filing is on Friday at 4:55 pm or whatever time they choose by having electronic access they are the masters of their case. A prose defendant is at the will of the USDC court or the clerk and does not have the power of timing to be the master of their case. Even to a point where not being at the mailbox for the physical receipt of documents could be the gravamen of one mistake dismissing a case outside of the control of the aggrieved party. It could be the desired result of the game of skill of the opposing represented parties. (docket entry #14)

15

## ASSESSEMENT OF SERVICE OF PROCESS COSTS

Federal rule 4 of civil procedure assess cost to parties who do not waive service of process. (Doc #86 Motion to Assess) There is no provision in Federal rule 4 that requires the assessment only in the event of success in suit as referred to in order (Doc # 96). It is by design for efficiency of the courts to comply with Federal Rule 4. The parties in their opposing motion (Doc #93) stated information that was not accurate as supplied by appellant. (Doc#95). The court denied the motion (docket#96) stating if plaintiff survives he can revisit costs. Most importantly to the credibility of the defendants motion accepted and ordered by the court is the skill they employed by not appearing. That is the reason they did not file the waiver with the court because the defense wanted to appear when they wanted regardless of causing their delay in acknowledging service.

granting defendants motion to dismiss. (docket entry #79, #88)

DRAFT supplied to court regarding motion for rehearing

## ARGUMENT

**APPOINTMENT OF COUNSEL:**

The case was prejudiced against the position of the plaintiff when the USDC predetermined that the case is not complex. (Doc #4) The Middle District of Florida has LOCAL RULE 3.05 CASE MANAGEMENT (b)(2) Track Two cases shall include all cases not designated as Track One Cases, and not within the definition of Track Three Cases as hereafter stated. Track Two Cases will **normally consist of non-complex actions (emphasis supplied)** which will require a trial, either jury or non-jury, absent earlier settlement or disposition by summary judgment or some other means.

This case is a complex case. Sure the argument can be made that all cases are complex to those unskilled prose litigants who seem to clog the court with their rambling petitions. But this case is one of first impression that no court has yet to address. It is novel AND complex. Employment cases abound relating to retaliation and the rights of the employee. This case draws from 18 US 1513(e) and specific focuses on the portion of "livelihood" separate and distinct from employee/employer. The plain reading of 18 US 1513(e) "Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment **or** livelihood of any person, for providing to a law

17

enforcement officer any truthful information relating to the commission or possible

commission of any Federal offense, shall be fined under this title or imprisoned not

more than 10 years, or both. The pleading show clearly the alleged claim of

retaliation that hurt my livelihood. That 18US1513(e) is one of the predicate acts

that bring us to the RICO charges. This novel AND complex case closely resembles

**DeGuelle** v. **Camilli**, 664 F. 3d 192 – 2011

Except for one important difference, albeit under that law no difference at all,

except as defendants counsel attempted to assign a difference. The claim is clearly

laid out in the pleadings. It is plead the defendants are formed as a criminal

enterprise made up of board members of a Non Profit trade organization. Who

regularly meet and conspire and worked together over a period of time involving

numerous schemes and with the certainty to be proven at trial of the continuation of

the schemes and the "interference with the lawful employment **or livelihood" of**

**plaintiff** in retaliating against plaintiff for making law enforcement complaints

(emphasis supplied)


In Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). the appointment of

counsel "is a privilege that is justified only by exceptional circumstances, such as

where the facts and legal issues are so novel or complex as to require the assistance

of a trained practitioner,"

18

**Conley v. Gibson - 355 U.S. 41 (1957)** "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

**FRCP Rule 8. General Rules of Pleading** (e) Construing Pleadings. Pleadings must be construed so as to do justice.

" pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998)

Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004)

A motion to dismiss is granted only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957);

DRAFT supplied to court regarding motion for rehearing

## CONCLUSION

DRAFT supplied to court regarding motion for rehearing

## CERTIFICATE OF COMPLIANCE

DRAFT supplied to court regarding motion for rehearing

**CERTIFICATE OF SERVICE**

DRAFT supplied to court regarding motion for rehearing