# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT
CASE NO.: 13-13698-CC
DC DKT No.: 2:13-cv-157-FtM-38DNF

_____

RANDY A. SCOTT,

Plaintiff/Appellant,

v.

LAWRENCE NORMAN YELLON, et al.,

Defendants/Appellees.

_____

APPEAL FROM THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

_____

**APPELLEES RESPONSE TO APPELLANT'S MOTION FOR REHEARING ON DISMISSAL OF CASE ENTERED ON SEPTEMBER 25, 2013**

_____

| | |
|---|---|
| Amanda Arnold Sansone | Christopher A. Rycewicz |
| Florida Bar No: 587311 | (Pro Hac Vice) |
| **CARLTON FIELDS, PA** | Oregon Bar No. 862755 |
| 4221 West Boy Scout Blvd.; Ste 1000 | **MILLER NASH LLP** |
| Tampa, Florida  33607-5780 | 111 S.W. Fifth Avenue, Ste 3400 |
| (813) 227-3000 – Telephone | Portland, Oregon 97204-3699 |
| (813) 229-4133 – Facsimile | (503) 224-5858 - Telephone |
| | (503) 224-0155 – Facsimile |

*Attorneys for Defendants/Appellees*

Appellants National Association of Professional Process Servers ("NAPPS"), Lawrence Yellon, Bob Musser, H. Eric Vennes, Lance Randall, Ronald Ezell, Steven Glenn, Jillina Kwiatkowski, Ruth Reynolds, Gary Crowe, and Paul Tamaroff request that the Court deny or disregard Appellant Randy Scott's Motion for Rehearing on Dismissal of Case Entered on September 25, 2013 ("Motion for Rehearing") because the Motion for Rehearing is procedurally and substantively flawed. The case was properly dismissed due to Appellant's failure to timely file an opening brief and because the Federal Rules of Appellate Procedure do not allow motions for rehearing.

The "exclusive method" to set aside a dismissal for failure to file an opening brief is for the tardy appellant to file a motion to set aside dismissal and remedy default under 11th Cir. R. 42-2. Appellant's Motion for Rehearing attempts to set aside the Court's September 25, 2013, dismissal by means of a request for rehearing, which is not allowed under 11th Cir. R. 42-2. The Court should reject Appellant's Motion for Rehearing because it does not ask the court to set aside the dismissal, does not ask the court to reinstate the case, and therefore is not allowed by Rule.

Even if Appellant had properly filed a motion to set aside dismissal and remedy default (instead of requesting rehearing), that motion would be substantively flawed and properly denied because Appellant has not and indeed

cannot show the "extraordinary circumstances" required by 11th Cir. R. 42-2 to set aside dismissal. Appellant points to no extraordinary circumstances in this case to justify his failure to timely file the opening brief. Instead of citing extraordinary circumstances, Appellant offers a general discussion of the difficulties that pro se appellants allegedly face in following court rules. He quotes from a portion of the 11th Circuit *Preparing an Appeal – Pro Se Appellants Booklet* (the "*Pro Se Booklet*") that Appellant, wrongly, believes applies in this case.

The only rule-based justification offered by Appellant for not timely filing the opening brief is language from the *Pro Se Booklet* that Appellant misapplies. *See* Motion for Rehearing, p. 2. Appellant wrongly tries to apply the filing date for filing the opening brief (which establishes the date filed as the date of mailing) to a motion for extension of time (which establishes the date filed as the date the Court receives the motion).

Both the 11th Circuit Rules and the *Pro Se Booklet* clearly state that motions are treated as filed on the date received by the Court and that motions for an extension of time to file the brief must be received at least seven days before the brief due date. FRAP 25(a)(2)(a); 11th Cir. R. 31-2(c). The *Pro Se Booklet* states in the "FILING MOTIONS" section that, "No additional time is allowed for mailing." *Pro Se Booklet*, p. 10. Likewise, the *Pro Se Booklet* "EXTENSION OF TIME TO FILE A BRIEF/APPENDIX" section states that "The motion for

Case No. 13-13698
*Scott v. Yellon, et al.*

extension should be filed at least 7 days before the due date of the brief or appendix." *Pro Se Booklet*, p. 10. The *Pro Se Booklet* correctly summarizes the rules for filing motions and is not a basis for finding "extraordinary circumstances" to justify Appellant's failure to timely file an opening brief.

Appellant's non-compliance with filing deadlines and request for extension of time in this Court follow a pattern of disregarding deadlines and requesting extensions at the District Court level. At the District Court:

- Appellant failed to timely file the interested persons notice;

- Appellant failed to timely file the notice of pendency of other actions;

- Appellant requested additional time for service of process (docket #53);

- The Court dismissed Appellant's Complaint without prejudice as an impermissible "shotgun pleading," and allowed Appellant an additional month (until August 9, 2013) to file an amended complaint (docket #79);

- Appellant failed to file an amended complaint within the additional time line provided by the Court, and instead requested an additional extension of time and filed this appeal to the 11th Circuit (docket #97 and 99).

Appellant has been given multiple opportunities to pursue a complaint and appeal within the federal rules of civil and appellate procedure, but has failed

to do so.  NAPPS respectfully requests that this Court deny or disregard Appellant's Motion for Rehearing.

Dated this 17th day of October, 2013.

/s/Christopher A. Rycewicz
Christopher A. Rycewicz (Pro Hac Vice)
Oregon Bar No. 862755
**MILLER NASH LLP**
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204-3699
(503) 224-5858 - Telephone
(503) 224-0155 – Facsimile

Amanda Arnold Sansone
Florida Bar No: 587311
**CARLTON FIELDS, PA**
4221 West Boy Scout Blvd.; Suite 1000
Tampa, Florida  33607-5780
(813) 227-3000 – Telephone
(813) 229-4133 – Facsimile

*Attorneys for Defendants/Appellees*

Case No. 13-13698
*Scott v. Yellon, et al.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Further, I certify that that I e-mailed and mailed a copy of the foregoing to non-CM/ECF participant Randy A. Scott, 343 Hazel Wood Avenue, Lehigh Acres, Florida 33936 (randy@allclaimsprocess.com and randyscott@randyscott.us).

*/s/ Christopher A. Rycewicz*
Christopher A. Rycewicz
*Attorneys for Defendants/Appellees*